UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC WHITFIELD,

          Petitioner,

-v-

HAROLD M. GRAHAM,

          Respondent.

No. 10-cv-3038 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

On September 13, 2017, the Court issued an order denying Petitioner Eric Whitfield's petition for a writ of habeas corpus under 28 U.S.C. § 2254, which he had been permitted to supplement with an addendum. (Doc. No. 92.) Now before the Court is a letter from Petitioner requesting that the Court "reconsider and rescind" its order denying habeas relief, which the Court construes as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). (Doc. No. 95.) For the following reasons, Petitioner's motion is denied.

Although Rule 60(b)(6) allows courts to relieve a party from a final judgment for "any . . . reason that justifies relief," the use of a Rule 60 motion for reconsideration in the habeas context is complicated by the potential overlap between a motion for reconsideration and a successive habeas petition. When reviewing habeas petitions filed by state prisoners, federal courts must dismiss a successive petition under all but three extremely stringent circumstances. *See* 28 U.S.C. § 2244(b). Specifically, the Supreme Court has cautioned that in order to give meaning to the limitations Congress has placed on successive habeas filings through the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a Rule 60(b) motion that merely advances "claims" – that is, "an asserted federal basis for relief from a state court's judgment of conviction"

– must be treated as a successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005). It is only where the motion attacks "some defect in the integrity of the *federal* habeas proceedings," for example voiding a judgment for lack of subject-matter jurisdiction or vacating a default judgment, that it should be treated as a proper motion for reconsideration. *Id.* at 532 (emphasis added).

Here, the Court concludes that Petitioner's motion for reconsideration of its order denying habeas relief clearly advances a new "claim" for relief from the state court conviction, and, accordingly, must be treated as a successive petition. While several components of Petitioner's argument are not entirely clear, he appears to be contesting the constitutional propriety of the underlying state court proceeding by arguing that the "State trial [court] erred" in violation of "clear and established" constitutional law. (Doc. No. 95 at 3.) Again, this amounts to an attack on the merits of the Court's habeas determination, and may not be raised under Rule 60(b). *See Gonzalez*, 545 at 532 n.4.

Having concluded that Petitioner's motion amounts to a successive petition, the Court is obliged to dismiss it unless (1) Petitioner's claim is based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," (2) Petitioner's claim is based on a newly established "factual predicate" that "could not have been discovered previously through the exercise of due diligence," or (3) Petitioner is actually innocent in that he can "establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [Petitioner] guilty of the underlying offense." 28 U.S.C. § 2244(b). None of these apply here, and Petitioner has made no attempt to argue otherwise. As a result, the Court has no choice but to dismiss the petition.

Accordingly, IT IS HEREBY ORDERED THAT Petitioner's motion is DENIED. The Court declines to issue a certificate of appealability, finding that Petitioner has not made a substantial showing of a denial of a federal right. *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). Furthermore, the Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, Petitioner's request to proceed in forma pauperis is DENIED.

The Clerk of Court is respectfully directed to mail a copy of this order to Petitioner.

SO ORDERED.

Dated: February 6, 2018
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE